# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| Judy Kendall, | ) | Civil Action No.:   3:22-3318-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Joseph Clayton Moore; Southern Industrial Constructors, Inc.; and Southern Industrial Constructors, Inc. of N.C., | ) ) ) | (Jury Trial Demanded) |
| | ) | |
| Defendants. | ) | |

The Plaintiff would respectfully show this Honorable Court that:

## JURISDICTION AND VENUE

1. Plaintiff Judy Kendall is a citizen and resident of Lexington County, South Carolina.

2. Defendant Southern Industrial Constructors, Inc., (hereinafter "Southern Industrial") is a company organized and existing under the laws of the State of North Carolina and licensed to do business in the State of South Carolina.

3. Defendant Southern Industrial is vicariously liable for the negligence, acts, and/or omissions of its employees, agents, contractors, and staff.

4. All allegations contained herein against Defendant Southern Industrial also refer to and include the actual and/or apparent agents, employees, and/or servants of Defendant Southern Industrial either directly or vicariously, under the principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and *respondeat superior*.

5. Upon information and belief, Defendant Joseph Clayton Moore was acting as the employee, agent and/or servant for Defendant Southern Industrial and within the course and scope

of said employment for Defendant Southern Industrial at all relevant times herein.

6. That, upon information and belief, Defendant Joseph Clayton Moore is a citizen and resident of the Lexington County, South Carolina.

7. Defendant Southern Industrial is vicariously liable for the acts and/or omissions of Defendant Moore pursuant to the doctrine of *respondeat* superior.

8. The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this Court and venue is proper.

9. The automobile collision occurred in Lexington County, South Carolina.

## FACTS

10. On October 11, 2019, Plaintiff was traveling on Platt Springs Road, SC-602, in her vehicle and was stopped in traffic in Lexington County, South Carolina.

11. At the time and place described above, Defendant Moore was driving a truck owned by Defendant Southern Industrial behind Plaintiff on Platt Springs Road, SC-602.

12. While Plaintiff's vehicle was stopped for traffic, Defendant Moore drove into the back of Plaintiff's vehicle.

13. At the time of the collision described above, Defendant Moore was acting as an employee and/or agent for Defendant Southern Industrial and was acting within the scope of said employment and/or agency for Defendant Southern Industrial.

14. Defendant Moore was at fault for causing the collision with Plaintiff's vehicle.

15. As a direct and proximate cause of the collision and Defendants' actions and omissions, Plaintiff was severely injured about her body and has endured pain, suffering, discomfort, actual damages, medical expenses, impairment of health and bodily efficiency, emotional distress, and mental anguish.

16. Plaintiff has been compelled to expend, and may in the future be compelled to expend, significant sums of monies for medical treatments and for the services of medical providers as a direct result of injuries sustained in this collision.

17. As a direct and proximate result of the automobile collision of October 11, 2019, Plaintiff has sustained property damages, loss of use damages, actual damages, compensatory damages, medical expenses, emotional distress, mental anguish, consequential damages, financial harm, physical injury, loss of enjoyment of life, lost wages, and impairment of health and bodily efficiency.

## FOR A FIRST CAUSE OF ACTION

**(Negligence and Recklessness as to Defendant Moore and Defendant Southern Industrial)**

18. Plaintiff incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

19. Defendant Moore had a duty to operate his vehicle in a reasonable manner and to comply with the rules governing the operation of vehicles on South Carolina roadways.

20. Defendant Moore was negligent, careless, reckless, grossly negligent, willful and wanton in the following particulars:

    a. In failing to maintain proper control of his vehicle;

    b. In failing to apply his brakes or to maintain the same;

    c. In failing to maintain a proper lookout;

    d. In failing to exercise the degree of care which a reasonably prudent person would have exercised under the same circumstances;

    e. In operating the vehicle with a reckless disregard for the rights and safety of others, including Plaintiff;

      f.      In failing to keep a safe distance from other vehicles;

      g.      In driving too fast for conditions;

      h.      In being inattentive;

      i.      In failing to comply with the applicable rules of the road;

      j.      In colliding with Plaintiff's vehicle;

      k.      In failing to take evasive action to avoid the collision; and

      l.      In such other and further particulars as may be ascertained during the course of discovery or trial of this case.

21. Defendant Moore's careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts directly and proximately caused the collision and the injuries and damages suffered by Plaintiff.

22. Plaintiff seeks actual and punitive damages under this cause of action.

23. Defendant Southern Industrial is vicariously liable for the acts and/or omissions, negligence and recklessness of Defendant Moore under the doctrine of *respondeat* superior.

**FOR A SECOND CAUSE OF ACTION**

**(Negligence Per Se as to Defendant Moore and Defendant Southern Industrial)**

24. Plaintiff incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

25. Defendant Moore had a duty to operate his vehicle in compliance with applicable laws, rules, regulations, and guidelines designed to protect the health and safety of all persons traveling on the highway and failed to comply with state laws, rules, regulations, and guidelines.

26. Defendant Moore failed to comply with applicable laws, rules, regulations, and guidelines designed to protect the health and safety of all persons traveling on the highway.

27. Defendant Moore was negligent per se in violating the following statutes and regulations:

   a. S.C. Code Ann. § 56-5-730 which relates to required obedience to traffic laws;

   b. S.C. Code Ann. § 56-5-2150 which relates to the movement of vehicles;

   c. S.C. Code Ann. § 56-5-1930, which relates to following too closely;

   d. S.C. Code Ann. § 56-5-1520(A) which relates to driving a speed that is reasonable and prudent under the conditions and so as to avoid colliding with another vehicle; and

   e. any other regulations which were violated as ascertained during the course of discovery.

28. These laws prescribe certain actions and define certain standards of conduct. Plaintiff is in the class of persons sought to be protected by these laws. Plaintiff's injuries represent the type of harm the regulations were intended to prevent. To the extent Defendant Moore's conduct violated these laws, such conduct constitutes negligence per se.

29. Defendant Moore's negligence per se was the proximate cause of the injuries and damages to Plaintiff.

30. Plaintiff seeks actual and punitive damages under this cause of action.

31. Defendant Southern Industrial is vicariously liable for the negligence per se of Defendant Moore under the doctrine of *respondeat* superior.

## JURY DEMAND

32. Plaintiff demands that all causes of action that may be tried before a jury be so tried.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a sum sufficient to adequately compensate her for actual damages, punitive damages, the costs of this action, and any relief a jury may award, and for such other and further relief as this court may deem just and proper.

                                                Respectfully Submitted,

                                                MIKE KELLY LAW GROUP, LLC

                                                BY:    s/Konstantine S. "Dean" Diamaduros
                                                                    Konstantine S. "Dean" Diamaduros
                                                                    Fed. Id. No. 13198
                                                                    1523 Huger Street, Suite A
                                                                    Columbia, SC 29201
                                                                    803/726-0123
                                                                    dean@mklawgroup.com
                                                                    Attorney for Plaintiff

Columbia, South Carolina
September 27, 2022